UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL AUSTIN DUKE,<br><br>      Plaintiff,<br><br>v.<br><br>TONY PARKER, MIKE PARRIS, ALAN BUNCH, FNU LOWE, V. PHILLIPS, and M. AVERY,<br><br>      Defendants. | No. 3:21-CV-00408-JRG-HBG |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2], motion for leave to proceed *in forma pauperis* [Doc. 1], and motion to appoint counsel [Doc. 3]. The Court will address Plaintiff's motions prior to screening Plaintiff's complaint to determine whether it states a justiciable claim under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust

account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy of this Order to the Court's financial deputy.

## II. MOTION TO APPOINT COUNSEL

Plaintiff has also filed a "Motion for Appointment of Counsel" [Doc. 3]. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993) (internal citations omitted). In determining whether "exceptional circumstances" exists, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Michigan Department of Corrections*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601). This case does not contain complex legal issues, and, at this time, it appears that Plaintiff is capable of adequately representing himself. Accordingly, Plaintiff's "Motion for Appointment of Counsel" [Doc. 3] will be **DENIED**.

## III. SCREENING OF COMPLAINT

### A. Plaintiff's Allegations

Plaintiff, an inmate housed in Unit 23A at the Morgan County Correctional Complex ("MCCX"), approached Unit Manager Alan Bunch and Move Coordinator Sergeant Lowe on the morning of August 23, 2021, around 10:00 a.m. and requested to move housing units because another inmate had just threatened Plaintiff and accused him of stealing drugs [Doc. 2 at 9]. Plaintiff was told to return to his housing unit, and immediately upon his return to the unit, Plaintiff was approached by the threatening inmate, who stated he would kill Plaintiff unless Plaintiff paid him [*Id.*]. Correctional Officer ("CO") V. Phillips observed the interaction, and Plaintiff asked her not to let the threatening inmate enter Plaintiff's cell [*Id.*].

Plaintiff entered his cell, which he shared with inmate James Fox, and secured the door behind him [*Id.* at 9-10]. CO Phillips allegedly unlocked Plaintiff's cell door, and the inmate who had previously threatened Plaintiff entered Plaintiff's cell and struck him several times in the head with a piece of broken chain-link fence [*Id.*]. He also bit Plaintiff on the left side of his face [*Id.* at 10]. Plaintiff was initially evaluated at the MCCX infirmary at 12:45 p.m. and was thereafter transferred to an outside hospital for medical care [*Id.* at 10]. Plaintiff received four staples to his head to close various lacerations, and he required follow-up care from a plastic surgeon due to a nasal fracture and the bite mark on the side of his face [*Id.* at 1-2, 10].

After the assault, Plaintiff was placed in protective custody in Unit 26A [*Id.* at 10]. Plaintiff contends that when he received the property from his cell on September 2, 2021, he was missing photos, legal mail, jewelry, clothing, and a commissary order [*Id.* at 2]. Plaintiff contends that he has attempted to grieve his issues, but that he has been ignored and refused grievance forms by the MCCX staff [*Id.* at 1].

### B. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

4

C. **Analysis**

Plaintiff does not indicate whether he is suing Defendants in their individual capacities, official capacities, or both. Out of an abundance of caution, the Court construes Plaintiff's complaint to raise allegations against Defendants in both their official and individual capacities.

1. **Official Capacity**

Plaintiff has named various MCCX employees as Defendants. Suit against these individuals in their official roles is treated as an action against MCCX, a State prison within the Tennessee Department of Correction ("TDOC"). *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

TDOC is an arm of the State of Tennessee and not a "person" as contemplated by § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person within the meaning of § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)) ("[A] State is not a person within the meaning of § 1983")). Further, as an agency of the State, MCCX is entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Accordingly, Plaintiff cannot recover monetary damages against Defendants in their official capacities, and all claims against Defendants in their official capacities will be **DISMISSED**.

## 2. Individual Capacity

### a. Property

Plaintiff claims that he has been deprived of his personal belongings by Defendants. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Thus, to state a § 1983 claim premised on a procedural due process violation, Plaintiff "[is] required to plead . . . that there is no adequate state-law remedy for this deprivation." *Hill v. City of Jackson, Michigan*, No. 17-1386, 2018 WL 5255116, at *3 (6th Cir. Oct. 22, 2018). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Moreover, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not shown that these State remedies are inadequate, and therefore, he has not stated a claim that would entitle him to relief under § 1983 for the deprivation of his personal property. Accordingly, this claim will be **DISMISSED**.

### b. Failure to Protect

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of

6

Case 3:21-cv-00408-JRG-HBG   Document 5   Filed 12/06/21   Page 6 of 9   PageID #: 50

serious harm," and that the prison officials acted with deliberate indifference to the inmate's safety. *Id*. at 834. A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed, and he must have drawn that inference. *Id*. at 837.

Under this standard, an inmate plaintiff pursuing a claim for defendants' failure to protect him from harm may prove his claim by showing that the defendants knew of a threat to him but failed to take measures to protect him from it. *Id*. at 843.

### i. Defendants Parker and Parris

Plaintiff has named MCCX Commissioner Tony Parker and MCCX Warden Mike Parris as Defendants in this action based on their respective roles as supervisory officials [*See* Doc. 2 at 8]. The Sixth Circuit has held that government officials may be individually liable under section 1983 for a failure to "supervise, control, or train" only if the officials "'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (explaining that supervisory liability "cannot attach where the allegation of liability is based upon a mere failure to act[,]" . . . but rather, "must be based upon active unconstitutional behavior.") (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Plaintiff does not allege that Commissioner Parker or Warden Parris either encouraged or personally participated in the events that resulted in the injuries to him. Accordingly, Plaintiff has failed to assert a cognizable claim against either of these Defendants, and they will be **DISMISSED** from this case.

####        ii.    Defendant Avery

Plaintiff has named MCCX Corporal/ Grievance Chairperson M. Avery as a Defendant in this action, presumably based on Plaintiff's alleged inability to file grievances at MCCX. However, inmates have no constitutional right to a grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Therefore, Defendant Avery cannot be held liable for failing to provide Plaintiff with a remedy through the grievance procedure, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, Defendant Avery will be **DISMISSED**.

####        iii.    Defendants Bunch, Lowe, and Phillips

Plaintiff has alleged that he made Defendants Bunch, Lowe, and Phillips aware of a threat to him that these Defendants failed to intervene to prevent, and that Defendant Phillips allowed the attack to occur through her own affirmative actions. Accordingly, the Court finds that Plaintiff has sufficiently alleged that these Defendants failed to protect him in violation of the Eighth Amendment. The Court will allow process to issue as to this discrete claim.

### IV.    CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.  The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

8

5. Plaintiff's claims that Defendants Bunch, Lowe, and Phillips failed to protect him from a known risk of harm shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Bunch, Lowe, and Phillips;

7. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. Defendants Tony Parker, Mike Parris, and M. Avery are **DISMISSED**;

11. Plaintiff's property claim and all claims against Defendants in their official capacities are **DISMISSED**;

12. Plaintiff's motion for the appointment of counsel [Doc. 3] is **DENIED**; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE