UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL AUSTIN DUKE, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-CV-00408-JRG-JEM |
| ALAN BUNCH, FNU LOWE, and V. PHILLIPS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2]. On January 11, 2023, Defendants notified the Court that Plaintiff was no longer incarcerated at his address of record [Doc. 31]. On January 30, 2023, the Court entered an order providing Plaintiff with fourteen days to show cause why this action should not be dismissed for his failure to maintain a current mailing address [Doc. 32]. That order was returned to the Court as undeliverable on February 13, 2023 [Doc. 34].

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault, as he failed to update his address or otherwise communicate with the Court. Second, Plaintiff's failure to comply with the requirement to maintain a current address has prejudiced Defendants, who have spent significant time and resources defending against this action [*See* Docs. 28-30]. Third, Plaintiff was expressly warned in numerous orders that failure to timely update his address with the Court could result in the dismissal of his case [*See* Doc. 5 at 9; Doc. 11 at 1-2; Doc. 20 at 3]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff was proceeding pro se and *in forma pauperis* in this action [*See, generally*, Doc. 5].

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's orders, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure, and all pending motions will be **DENIED** as moot. Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

                                    s/J. RONNIE GREER
                              UNITED STATES DISTRICT JUDGE